Kirkpatrick, C. J.
— The first reason assigned for the reversal of this judgment, is, that the action before the justice was commenced and prosecuted by certain persons assuming the style and denomination of O. Schenck & Denise, whereas the same ought to have been commenced and prosecuted in the proper Christian and sir-names of the persons assuming that style and denomination.
It would be of exceedingly pernicious tendency, if men were permitted to assume a hundred different forms in courts of justice; it would render proceedings uncertain, and inconclusive. — Names are the only marks and indicia of men and things, that humankind can understand each other by. If the name of the plaintiff be omitted, therefore, there is a complaint by nobody. This is not to be considered, however, as what the books call a misnomer. That is, a mere mistake in tiie Christian or sir-name, or the using of the one instead of the other. This is a number of persons taking to themselves a fictitious name, and by that name, protruding themselves into a court of justice.
Men associating themselves together for trade and commerce, and other lawful purposes, it is true, may assume a name, under which they may carry on their business, and be known as merchants, &c., and this for the public convenience, because it would be very troublesome, to say the least, to insert the names of a whole company in every entry in books, in bills, and other mercantile negotiations. But by this assumed name, they cannot appear in a court of justice. They can neither sue nor be sued by it. This a privilege appertaining to corporate bodies only. A contrary doctrine would carry with it, a power to any number of individuals, to associate themselves together under an assumed name, and to exercise under that name, many, [*] if not all the privileges of bodies corporate, created by law. This is contrary to the policy of our civil institutions. To sue and be sued in their corporate name, is one of the great privileges always granted to corporate bodies. It can only be authorized by the supreme power of the state.
In my opinion the judgment must be reversed.
Rosserr, J. — Concurred.
Pennington, J.
— I concur in the reversal of this judgment. The name of a partnership, style, or firm, is not a *56 sufficient designation of the person; and if admitted in -legal proceedings, would lead to endless confusion.
Wall, Att’y for plaintiff.
Judgment reversed.